UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

GRAVOIS ALUMINUM BOATS, LLC
D/B/A METAL SHARK BOATS,

    *Plaintiff*,

    v.

BILL PRINCE YACHT DESIGN, INC. and
WILLIAM R. PRINCE,

    *Defendants*.

Case No. _____

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes **Plaintiff Gravois Aluminum Boats, LLC D/B/A Metal Shark Boats** who respectfully submits as follows:

## PARTIES

1. Plaintiff Gravois Aluminum Boats, LLC D/B/A Metal Shark Boats ("Metal Shark") is, and was at all times mentioned, a limited liability company duly organized and existing under the laws of the State of Louisiana. Carol Gravois Jr. and Christopher D. Allard are the only members of said company. Carol Gravois Jr. and Christopher D. Allard are, and were at all times mentioned, domiciled in, and citizens of, the State of Louisiana.

2. Defendant Bill Prince Yacht Design, Inc. ("BPYD") was, and is now, a corporation duly organized and existing under the laws of the State of Wisconsin, with its principal place of business at 222 East Main Street, Suite 208, Port Washington, Wisconsin 53074.

3. Defendant William R. Prince ("Mr. Prince") is, and was at all times mentioned,

domiciled in, and a citizen of, the State of Wisconsin.

## JURISDICTION

4. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy is greater than $75,000.00, exclusive of interest and costs. This Court has personal jurisdiction over both of the Defendants because they: (a) are citizens of this District; (b) transacted business in this District; and (c) had substantial contacts with this District.

## VENUE

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1)-(2) as the Defendants reside in Ozaukee County and a substantial part of the events or omissions giving rise to the claim occurred in Ozaukee County, Wisconsin, which is located within the Eastern District of Wisconsin.

## FACTS

6. Plaintiff, Metal Shark, is in the business of designing, engineering, and constructing custom aluminum vessels for customers including the United States government, various private companies, and large ports. In fact, Metal Shark is the number one small boat provider to the U.S. Coast Guard and a leading supplier to the U.S. Navy, Army, Air Force, and the militaries of partner nations worldwide.

7. Occasionally, Metal Shark contracts with naval architecture or marine engineering firms for the design of custom vessels that will then be built by Metal Shark in accordance with the outside firm's design plans.

8. The Defendant, Mr. Prince is a mechanical engineer specializing in marine engineering and owner of BPYD, a yacht design firm that is in the business of providing

professional engineering and naval architecture services for boat builders, such as the Plaintiff, Metal Shark.

9. At some time in 2013, Metal Shark was hired by Aqueos Corporation ("Aqueos") — an underwater and marine construction company — to design and construct a dive vessel. Because Aqueos was undecided on the exact specifications of the vessel, Metal Shark collaborated with the Defendants, Mr. Prince and BPYD, to render drawings of different vessels that may meet Aqueos's needs.

10. On or about September 5, 2013, Metal Shark e-mailed Mr. Prince about potentially engaging him and his firm, BPYD, in the drafting of specifications and the actual design of Aqueos' dive support vessel.

11. On or about October 9, 2013, Mr. Prince e-mailed to Metal Shark the "Aqueos 75 DSV Build Specification" (the "Initial Specification") which included the following:

Speed – Maximum at Half-Load Displacement …………………………. 27 knots

Speed – Normal at Cruising RPM ……………………………………...23 knots

The Initial Specification drafted by the Defendants is attached hereto as **Exhibit A** and made a part of this Complaint.

12. On or about November 21, 2013, Metal Shark and BPYD entered into a written contract (the "Design Contract") in which Metal Shark would pay BPYD $250,220.00 as consideration for the design of a 75-foot Aluminum Twin-Jet Drive Diesel Dive Support Vessel (the "Aqueos Vessel"). A copy of the Design Contract is attached as **Exhibit B** and made a part of this Complaint.

13. The Design Contract provides that it "shall be governed and interpreted in accordance with the substantive laws of the State of Wisconsin" and that "any dispute arising

3

1595875.1

Case 2:15-cv-01358-PP   Filed 11/13/15   Page 3 of 8   Document 1

under this Agreement shall be resolved in the state or federal courts having jurisdiction within Ozaukee County, Wisconsin." It further provides that "[i]n any action brought hereunder, the prevailing party shall be entitled to their costs and reasonable attorneys' fees."

14. Exhibit A to the Design Contract which was drafted by the Defendants clearly contemplated that the Aqueos Vessel would need to meet a minimum speed. The Design Contract listed the speed requirement as "TBD," clearly evidencing the parties' agreement that the speed requirement would be established after execution of the Design Contract.

15. On or about December 23, 2013, Metal Shark entered into a contract with Aqueos for the construction of the Aqueos Vessel based on the preliminary renderings and Initial Specification created by Defendants.

16. On or about January 6, 2014, Metal Shark informed Defendants via email that Aqueos and Metal Shark entered into a contract for the construction of the Aqueos Vessel. Metal Shark also informed Defendants that minor changes were made to the Initial Specification, and instructed Defendants to use the specifications (the "Revised Specification") attached to the correspondence as final. A copy of this e-mail is attached as **Exhibit C** and made a part of this Complaint. The Revised Specification included the following speed requirements, which were identical to those that BPYD had set forth in the Initial Specification it had drafted in October, 2013:

    Speed - Maximum at Half-Load Displacement ……………….…..…….. 27 knots

    Speed - Normal at Cruising RPM………………………….………...23 knots

The Revised Specification drafted by the Defendants is attached hereto as **Exhibit D** and made a part of this Complaint. Upon sending this information to BPYD, the speed requirement, which had previously been "TBD," was firmly established and confirmed.

4

1595875.1

Case 2:15-cv-01358-PP   Filed 11/13/15   Page 4 of 8   Document 1

17. On or about February 24, 2014, Mr. Prince e-mailed Metal Shark to inform it that the speed calculations for the Aqueos Vessel had to be recalculated due to the substitution of new engines with less horse power. According to Mr. Prince's e-mail, the new speeds were calculated using three methods, and the method "that's been most accurate for [Mr. Prince] over the last 17 years" gave a maximum speed of 26 knots. Mr. Prince further explained that the most conservative method of calculation resulted in a speed of 22.5 knots. Defendants wanted to verify that these new reduced speed calculations would be approved by Metal Shark's client, Aqueos. This particular e-mail clearly establishes that 1) there was a previously agreed upon speed requirement as part of the Design Contract between BPYD and Metal Shark and, 2) that the Defendants were aware of the existence of the speed requirement. A copy of this e-mail is attached as **Exhibit E** and made a part of this Complaint. Metal Shark's client, Aqueos, agreed to modify the speed requirements to these new calculations.

18. Defendants completed design of the Aqueos Vessel, and Metal Shark built the Aqueos Vessel in accordance with the Defendants' design.

19. Metal Shark completed construction of the Aqueos Vessel in March 2015 and conducted in-water testing of the Aqueos Vessel on or about April 7, 2015. During testing, the Aqueos Vessel as designed by the Defendants was only capable of reaching 12 knots – 14 knots less than the agreed upon maximum speed of 26 knots and 10.5 knots than the most conservative speed calculation of 22.5 knots.

20. On or about April 7, 2015, Metal Shark informed the Defendants that the Aqueos Vessel was only capable of reaching a maximum speed of 12 knots and requested assistance and input into solving the problem.

21. Defendants have wholly failed to cooperate with Metal Shark in curing Defendants' inexcusable error in failing to design a vessel that met all the requirements of the Design Contract. Due to Defendants' catastrophic design failure, Metal Shark has been forced to expend exorbitant amounts of money and time in redesigning, reengineering, re-equipping, and reconstructing the Aqueos Vessel so that it may conform to the agreed upon speed requirement.

## COUNT I:
## BREACH OF CONTRACT CLAIM
## (BPYD)

22. Metal Shark incorporates each of the above paragraphs as if fully set forth herein.

23. As discussed in Paragraphs 9-12, Metal Shark entered into the Design Contract with BPYD in which Metal Shark would pay BPYD for the design of the Aqueos Vessel which would meet certain speed requirements – initially 27-23 knots, but subsequently decreased to 26-22.5 knots.

24. In accordance with the Design Contract, Metal Shark has paid to BPYD the full consideration for its design services.

25. BPYD, in failing to deliver a design that met the agreed upon specifications, has breached the Design Contract.

26. Metal Shark has given BPYD ample opportunity to cure the defects in its performance; however, BPYD has failed to make any effort to correct the design or assist Metal Shark in correcting the design, or in taking financial responsibility for the modifications and additional equipment necessary to ensure that the Aqueos Vessel may conform to the Design Contract.

27. As a direct result of BPYD's breach of the Design Contract, Metal Shark has had to expend amounts in excess of $1,600,000 in testing, redesigning, reengineering, and replacing parts so that the Aqueos Vessel may meet the agreed upon speed requirements.

## COUNT II:
### PROFESSIONAL NEGLIGENCE
### (BPYD and Mr. Prince)

28. Metal Shark incorporates each of the above paragraphs as if fully set forth herein.

29. As professional architects and/or engineers that were engaged by Metal Shark to design the Aqueos Vessel, and which did design the Aqueos Vessel for Metal Shark, Defendants owed Metal Shark a duty to use the degree of care, skill and judgment that reasonable professionals in the architectural and/or engineering industry would exercise in the design of the Aqueos Vessel.

30. Defendants failed to exercise such care and breached their duties to Metal Shark, which constituted professional negligence on the part of Defendants. Defendants' negligence includes, but is not limited to, failing to accurately calculate the speed of the Aqueos Vessel in February 2014 given its design and/or failing to design the Aqueos Vessel as specified.

31. As a direct and proximate result of the aforesaid negligence of Defendants in designing the Aqueous Vessel, Metal Shark had to expend amounts in excess of $1,600,000 in testing, redesigning, reengineering, and replacing parts so that the Aqueos Vessel may meet the agreed upon speed requirements.

32. As a result of the foregoing negligence, Defendants are jointly and severally liable to Metal Shark for compensatory damages in the amount required to make Metal Shark whole for all of the damages alleged herein as shall be determined by the trier of fact in this action.

7

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gravois Aluminum Boats, LLC D/B/A Metal Shark Boats prays that, after due proceedings be had, there be judgment herein in favor of Metal Shark and against Defendants, Bill Prince Yacht Design, Inc. and William R. Prince, jointly and severally, as follows:

1. Awarding damages in an amount to be determined at trial;

2. Awarding Metal Shark its reasonable attorneys' fees and costs as provided in the Design Contract; and

3. Such further relief provided by law or as this Court may deem just and equitable.

Dated this 13th day of November, 2015.

MEISSNER TIERNEY FISHER & NICHOLS S.C.

By: s/ Brian C. Tokarz
Brian C. Tokarz
State Bar No. 1059556
111 East Kilbourn Ave., 19th Floor
Milwaukee, WI 53202
Telephone: (414) 273-1300
Facsimile: (414) 273-5840
bct@mtfn.com

**Attorneys for Plaintiff Gravois Aluminum Boats, LLC D/B/A Metal Shark Boats**

Of Counsel:
KINNEY, ELLINGHAUSEN, RICHARD & DESHAZO
Michael L. DeShazo (#29833)
Kelly L. Reinker (#35291)
1250 Poydras Street, Suite 2450
New Orleans, LA 70113
Telephone: (504) 524-0206
Facsimile: (504) 525-6216